IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM VETTER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARGARET KEATE et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09-cv-137-DB-PMW<br><br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is movant Kelle Smart's ("Smart") motion to intervene.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

Smart argues that she is entitled to intervene in this case as a matter of right.  *See* Fed. R. Civ. P. 24(a)(2).  In the alternative, Smart asserts that the court should permit her to intervene. *See* Fed. R. Civ. P. 24(b).  Margaret Keate, Camille DeLong, and Equine Holdings, LLC (collectively, "Defendants") oppose Smart's motion.  William Vetter and Mary Margaret Vetter

---

[1]  *See* docket no. 38.

[2]  *See* docket no. 25.

(collectively, "Plaintiffs") have not filed any response to Smart's motion. The court will address

each of Smart's arguments in turn.

## I. Intervention of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court must permit anyone to intervene who
> . . . claims an interest relating to the property or transaction that is
> the subject of the action, and is so situated that disposing of the
> action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

Fed. R. Civ. P. 24(a)(2).

> Accordingly, an applicant may intervene as of right if: (1) the
> application is timely; (2) the applicant claims an interest relating to
> the property or transaction which is the subject of the action; (3)
> the applicant's interest may as a practical matter be impaired or
> impeded; and (4) the applicant's interest is [not] adequately
> represented by existing parties.

*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quotations and

citations omitted). The Tenth Circuit "follows a somewhat liberal line in allowing intervention."

*Id*. (quotations and citations omitted). The court will address the above-referenced elements in

turn.

## A. Timeliness

"The timeliness of a motion to intervene is assessed in light of all the circumstances,

including the length of time since the applicant knew of his interest in the case, prejudice to the

existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Id*.

at 1250 (quotations and citations omitted). "The requirement of timeliness is not a tool of

retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.  Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Id*. (quotations and citations omitted).

Smart's motion to intervene was filed on July 31, 2009.  Although the complaint in this case was filed on February 13, 2009, over five months prior to the filing of Smart's motion, the scheduling order was not entered until June 4, 2009, and trial is not scheduled to begin until December 6, 2010.  Given that this case is still in its relatively early stages, the court has determined that allowing Smart to intervene would not create any undue prejudice to the existing parties.  In addition, there is no definitive indication that Smart was unduly dilatory in filing her motion to intervene.  In light of all the circumstances, the court concludes that Smart's motion to intervene was filed in a timely fashion.

### B.  Claimed Interest

Defendants do not argue that Smart does not have the requisite interest to intervene in this case.  Instead, Defendants assert that Smart's interests will be adequately represented and will not be impaired.  Accordingly, the parties do not dispute that Smart has an interest in the property or transaction that is the subject of this case.

### C.  Impairment of Interest

"To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied.  This burden is minimal." *Id*. at 1253 (emphasis added) (quotations and citations omitted).

Defendants make the unsupported assertion that Smart's interests will not be impaired because this case "will not have preclusive effect with respect to whether she is entitled to recovery."[3]  Defendants also argue that whether this case may have such a preclusive effect is irrelevant because "Smart's objective is identical to that of the Plaintiffs–both seek to prove the allegations of misuse by the Defendants."[4]  The court is not persuaded by either of those arguments.  It is not entirely clear at this point whether this case has the potential to affect or impair Smart's interests, notwithstanding Defendants' unsupported statements to the contrary.  Further, in the court's view, Defendants' argument that Smart's objective is identical to that of Plaintiffs cuts in favor of allowing her to intervene in this case.

The court concludes that Plaintiff has satisfied her "minimal" burden of demonstrating "that impairment of [her] substantial legal interest is possible if intervention is denied."  *Id*. (quotations and citations omitted).

### D.  Adequacy of Representation

"Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the minimal one of showing that representation *may be* inadequate.  The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden."  *Id*. at 1254 (emphasis added) (quotations and citations omitted).

---

[3]  Docket no. 31 at 5 (emphasis omitted).

[4]  *Id*.

Because Smart's proposed complaint seeks the same type of remedy that is sought by Plaintiffs' complaint, Defendants argue that Smart has "tacitly admit[ted]" that representation of her interests is adequate.[5] The court disagrees. As Smart has indicated, if she is not allowed to intervene, several of the determinations and conclusions to be made in this case will have a potentially preclusive effect on Smart's ability to pursue certain claims and obtain certain relief. Based on those circumstances, the court is convinced that Smart has satisfied her "minimal" burden of "showing that representation may be inadequate." *Id*. (quotations and citations omitted).

Based on the foregoing, the court concludes that Smart has established all of the necessary elements for intervention of right. *See* Fed. R. Civ. P. 24(a)(2); *Clinton*, 255 F.3d at 1249.

## II.  Permissive Intervention

Rule 24(b)(1)(B) provides: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). That rule also provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As noted previously, the Tenth Circuit "follows a somewhat liberal line in allowing intervention." *Clinton*, 255 F.3d at 1249 (quotations and citations omitted).

---

[5]  *Id*. at 3.

In this case, Defendants concede that Smart's proposed claims share common questions of law and fact. Defendants argue, however, that Smart's request for permissive intervention should be denied because her claims will "clutter the action unnecessarily." *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992). Defendants also argue that Smart's request for permissive intervention is not timely and would prejudice the current parties.

The court concludes that those arguments are without merit. First, as Defendants have conceded, Smart's proposed claims clearly share common questions of law and fact with Plaintiffs' claims. Second, the court does not believe that the addition of Smart's claims to this case will "clutter the action unnecessarily." *Id*. While the court recognizes that allowing Smart to intervene will add some additional questions of law and fact to this case, there are a far greater number of issues of law and fact that are shared by Smart's claims and Plaintiffs' claims. Consequently, the court believes that judicial economy will be served by adjudicating Smart's claims and Plaintiffs' claims in the same case. Finally, the court has already considered the timeliness of Smart's motion and concluded that, under all the circumstances, it was filed in a timely fashion.

For these reasons, the court concludes that Smart has satisfied the necessary requirements for permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

### III. Conclusion

The court concludes that Smart has established all of the required elements for intervention of right. *See* Fed. R. Civ. P. 24(a)(2); *Clinton*, 255 F.3d at 1249. Alternatively, the court concludes that Smart has satisfied the necessary requirements for permissive intervention.

*See* Fed. R. Civ. P. 24(b)(1)(B), (b)(3).  Accordingly, Smart's motion to intervene[6] is

**GRANTED**.

  **IT IS SO ORDERED**.

  DATED this 2nd day of October, 2009.

              BY THE COURT:

              PAUL M. WARNER
              United States Magistrate Judge

---

[6] *See* docket no. 25.