**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **WILLIAM VETTER, et al.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | **Case No. 2:09-cv-137-DB-PMW** |
| **v.** | |
| **MARGARET KEATE, et al.,** | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Margaret Keate ("Keate"), Camille DeLong ("DeLong"), and Equine Holdings, LLC's ("Equine") (collectively, "Defendants") motion for a protective order;[2] (2) William Vetter and Mary Margaret Vetter's (collectively, "Plaintiffs") motion to compel;[3] and (3) Defendants' motion to compel.[4] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). The court will address the motions in turn.

---

[1] *See* docket no. 38.

[2] *See* docket no. 52.

[3] *See* docket no. 54.

[4] *See* docket no. 56.

## I. Defendants' Motion for Protective Order

In this motion, Defendants seek a protective order limiting production of documents that are the subject of a subpoena served on Dan Deans ("Deans"), who is an accountant for Keate, Equine, and several other entities in which Keate has an interest. Defendants argue that the subpoena imposes an undue burden and that the documents it seeks are not relevant in this case. The court disagrees.

The court has determined that the information sought by the subpoena is relevant and, therefore, discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Furthermore, given Plaintiffs' asserted willingness to limit the time frame of the production, the court is not persuaded that the subpoena imposes an undue burden.

For these reasons, Defendants' motion for a protective order is denied. Deans shall produce documents responsive to the subpoena within thirty (30) days of the date of this order. That production shall be limited to the years 2006-2010. With respect to the production of any tax returns or other sensitive financial documents, the court directs the parties to attempt to stipulate to a suitable protective order of confidentiality to govern their use in this case. If attempts to reach agreement on such an order are successful, the parties should file a stipulated motion for entry of the order, which the court will readily grant. If, however, attempts to stipulate are unsuccessful, the parties shall bring the issue to the court by way of an appropriate

motion, which will include submission of each party's proposed protective order. Upon receipt of the motion and the parties' respective proposed orders, the court will resolve the issue.

## II. Plaintiffs' Motion to Compel

In this motion, Plaintiffs seek an order compelling Defendants to respond to certain discovery requests from Plaintiffs' First Combined Discovery Requests. Specifically, Plaintiffs seek compelled responses to Interrogatory Nos. 6, 7, 8, 9, 10, and 12, as well as Request for Production of Documents Nos. 9, 10, 11, 14, 15, 21, 22, and 23.

### Interrogatory Nos. 6-9

Interrogatory No. 6 asks Defendants to provide the name, present address, and current telephone number of each and every person, agent, or representative who had any communications with Plaintiffs regarding the transactions that are the subject of this action. Interrogatory No. 7 asks Defendants to provide the date of any such communication and a description of its nature and substance. Defendants objected to these interrogatories as being vague, ambiguous, overly broad, and unduly burdensome.

Interrogatory No. 8 asks Defendants to identify and describe each and every transaction Keate or DeLong (either individually or as part of an entity) entered into with Equine. Interrogatory No. 9 asks Defendants to provide the date of any such transaction and a description of its nature and substance, including the identity of each and every party participating in the transaction. Defendants objected to these interrogatories to the extent they asked for information covered by the attorney-client privilege or the work-product doctrine. Defendants also objected to these interrogatories as being overly broad and unduly burdensome.

The court agrees with Defendants' argument that these interrogatories are overly broad. In the court's view, the interrogatories do not provide enough specificity with regard to either subject matter or time frame. *See, e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges. But with those privileges come certain modest obligations, one of which is the duty to state discovery requests with reasonable particularity." (quotations and citation omitted)). Accordingly, this portion of Plaintiffs' motion is denied.

<u>Interrogatory No. 10</u>

Interrogatory No. 10 asks Defendants to identify and describe each and every allocation of all funds or capital contributions contributed by member-investors of Equine. Defendants objected to this interrogatory as being overly broad and unduly burdensome.

The court is not persuaded that this interrogatory is either overly broad or unduly burdensome. Unlike the interrogatories above, this interrogatory is sufficiently specific as to subject matter. While the court recognizes that the interrogatory does not contain any time frame limit, the court can easily remedy that deficiency.

This portion of Plaintiffs' motion is granted. Defendants shall provide a response to this interrogatory within thirty (30) days of the date of this order. That response shall be limited to the years 2006-2010.

<u>Interrogatory No. 12</u>

Interrogatory No. 12 asks the Defendants to explain the basis for any denials of Plaintiffs'
Requests for Admission.  Defendants objected to the interrogatory as being overly burdensome.
Defendants also directed Plaintiffs to their responses to Plaintiffs' Requests for Admission.

The court agrees with Defendants' arguments concerning this interrogatory.  In the
court's view, it appears that Plaintiffs are attempting to use an interrogatory to circumvent the
rule governing requests for admission.  *See* Fed. R. Civ. P. 36.  Under rule 36, a party is allowed
to simply deny a request for admission without providing any explanation.  *See id*.  Further, as
noted by Defendants, to the extent that any explanation was required for a denial, it was provided
by Defendants in their responses to Plaintiffs' Requests for Admission.  Notably, Plaintiffs have
not argued that Defendants' responses to Plaintiffs' Requests for Admission are deficient in any
way.  For these reasons, this portion of Plaintiffs' motion is denied.

<u>Request for Production of Documents No. 9</u>

This document request asks Defendants to produce all documents, records, notes,
correspondence, and writing regarding the property owned by Equine that is the subject of this
case ("Property").  Defendants objected to this request as being overly broad, unduly
burdensome, and not likely to lead to the discovery of admissible evidence.

The court agrees with Defendants' assertion that this request is overly broad.  Similar to
several of Plaintiffs' other discovery requests, it does not contain any sufficient limitations with
respect to subject matter or time frame.  *See, e.g.*, *Regan-Touhy*, 526 F.3d at 649.  Accordingly,
this portion of Plaintiffs' motion is denied.

<u>Request for Production of Documents No. 10</u>

This document request asks Defendants to produce all documents, records, notes, correspondence, and writings evidencing Plaintiffs' alleged harassing communications with other investor-members of Equine.  Defendants objected to this request as calling for information covered by the attorney-client privilege or work-product doctrine.  Subject to those objections, Defendants indicated they would provide responsive documents.

In their response to Plaintiffs' motion, Defendants indicate that they have indeed provided all documents in their possession that are responsive to this request.  Plaintiffs did not dispute that assertion or address this issue any further in their reply memorandum.  Accordingly, this portion of Plaintiffs' motion is denied.

<u>Request for Production of Documents Nos. 11 and 14</u>

Plaintiffs admit that Defendants have produced some documents in response to these document requests.  However, Plaintiffs make the unsupported contention that they believe Defendants may be withholding other documents responsive to these requests.  Accordingly, Plaintiffs ask that Defendants be required to affirm that all documents responsive to these requests have been provided.

In their response to Plaintiffs' motion, Defendants assert that they have provided all documents in their possession that are responsive to these requests.  Plaintiffs do not dispute that assertion or address the issue any further in their reply memorandum.

This portion of Plaintiffs' motion is based entirely on their unsupported assertion that Defendants may be withholding documents responsive to these requests.  That is an insufficient

basis on which to order Defendants to affirm that they have indeed provided all documents in their possession responsive to these requests. Accordingly, this portion of Plaintiffs' motion is denied.

Request for Production of Documents No. 15

This request asks Defendants to produce all documents, records, notes, correspondence, and writing pertaining to the land that is adjacent to the Property.  Plaintiffs assert that information about the land adjacent to the Property is relevant because it was purchased and sold by Keate.  Defendants objected to this interrogatory as being overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Defendants also argue that Plaintiffs have failed to provide any specific information, other than Keate's prior ownership, to indicate why information about that piece of land is relevant in this case.

The court agrees with Defendants' argument that this request is overly broad.  Again, as with several of Plaintiffs' other discovery requests, it does not contain any sufficient limitations with respect to subject matter or time frame.  *See, e.g.*, *Regan-Touhy*, 526 F.3d at 649. Accordingly, this portion of Plaintiffs' motion is denied.

Request for Production of Documents Nos. 21-23

These requests ask Defendants to produce tax returns and other financial records for Keate, as well as two other entities in which Keate has an interest.  Defendants objected to these requests as being overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

For the same reasons provided in support of the court's denial of Defendants' motion for a protective order concerning the subpoena served on Deans, this portion of Plaintiffs' motion is granted. Defendants shall produce documents responsive to these requests within thirty (30) days of the date of this order. That production shall be limited to the years 2006-2010.

In the section of this order addressing Defendants' motion for a protective order concerning the subpoena served on Deans, the court addressed the issue of a protective order of confidentiality to govern the use of tax returns and other sensitive financial documents in this case. The protective order that is eventually entered will also apply to documents produced by Defendants in response to these document requests.

Request for Reasonable Expenses

Plaintiffs have requested an award of reasonable expenses, including attorney fees, incurred in connection with their motion to compel. *See* Fed. R. Civ. P. 37(a)(5). The court has determined that such an award is not appropriate or warranted under the circumstances. Accordingly, Plaintiffs' request for reasonable expenses is denied.

III.  Defendants' Motion to Compel

In this motion, Defendants seek an order compelling Plaintiffs to respond to certain discovery requests from Defendants' First Set of Discovery Requests. First, Defendants assert that Plaintiffs have not produced any documents in response to Defendants' First Set of Discovery Requests. Accordingly, Defendants ask the court to compel Plaintiffs to make full document production. Second, Defendants present specific arguments about Interrogatory No. 3 and Request for Production of Documents Nos. 2, 3, and 5.

<u>Document Production</u>

As indicated above, Defendants assert that, at the time their motion to compel was filed, Plaintiffs had not produced any documents in response to Defendants' First Set of Discovery Requests. In their response to Defendants' motion, Plaintiffs assert that responsive documents have now been produced and that their failure to make that production prior to the filing of Defendants' motion was the result of miscommunication about when and where the documents would be produced. In their reply, Defendants appear to agree that Plaintiffs have now produced responsive documents. At the same time, Defendants assert that they are entitled to an award of reasonable expenses, including attorney fees, because Plaintiffs did not produce responsive documents until after Defendants' motion to compel was filed. *See id*.

Because the parties appear to agree that responsive documents have now been produced, this portion of Defendants' motion to compel is denied. Further, under the circumstances presented here, the court has determined that an award of reasonable expenses is not appropriate or warranted. *See id*. Consequently, Defendants' request for such an award is denied.

<u>Interrogatory No. 3.</u>

Interrogatory No. 3. asks Plaintiffs to identify the alleged damages they claim they have suffered as a result of the alleged misrepresentations made by Defendants, as asserted in Plaintiffs' complaint. Plaintiffs answered Interrogatory No. 3 by stating that they have suffered damages in an amount equal or greater to the amount of their initial capital contribution to Equine of $330,000.

Defendants argue that Plaintiffs' answer is inadequate. Defendants assert that Plaintiffs' answer should indicate how Plaintiffs believe they have been damaged in the amount of $330,000. The court disagrees. Without referring to the actual language of Interrogatory No. 3, Defendants contend that it somehow asks Plaintiffs to explain how they believe they have been damaged in the amount of $330,000. The plain language of Interrogatory No. 3, however, does not support that contention. In the court's view, Interrogatory No. 3 simply asks Plaintiffs to identify their damages, and Plaintiffs have provided a sufficient response. Therefore, this portion of Defendants' motion is denied.

<u>Request for Production of Documents Nos. 2 and 3</u>

Request for Production of Documents No. 2 asks Plaintiffs to produce any and all documents referring to or relating in any way to work performed by William Vetter as a managing member of Equine. Request for Production of Documents No. 3 asks Plaintiffs to produce all correspondence referring to or relating in any way to any actions, work, or communications made by William Vetter as a managing member of Equine. Plaintiffs objected to both requests as calling for documents that are irrelevant or immaterial and not being reasonably calculated to lead to admissible evidence. Subject to those objections, Plaintiffs also agreed to produce any responsive documents.

In their response to Defendants' motion, Plaintiffs do not address these document requests. In addition, Defendants do not address them further in their reply memorandum. As such, the court is left to assume that Defendants received responsive documents as part of Plaintiffs' overall document production. However, out of an abundance of caution, and because

it appears that Plaintiffs had not made full document production at the time Defendants' motion was filed, this portion of Defendants' motion is granted. In the court's view, these document requests clearly seek relevant information and should be produced by Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1). To the extent that documents responsive to Request for Production of Documents Nos. 2 and 3 have not yet been produced, Plaintiffs shall produce them within thirty (30) days of the date of this order.

Request for Production of Documents No. 5

Request for Production of Documents No. 5 asks Plaintiffs to produce their tax returns, whether filed jointly or separately, from 2006 to the present. Plaintiffs objected to this request as calling for documents that are irrelevant or immaterial and not being reasonably calculated to lead to admissible evidence.

In the motions addressed in this order, both Plaintiffs and Defendants have argued that they should not be required to produce their own tax returns because they are not relevant in this case. At the same time, both Plaintiffs and Defendants have also argued that tax returns of the opposing side are relevant. The court previously determined that Plaintiffs are entitled to discovery of Defendants' tax returns because they are relevant in this case and, therefore, discoverable. *See id*. To put the issue in terms of a well-known idiom, the court believes that "what's good for the goose is good for the gander." Accordingly, this portion of Defendants' motion is granted. Plaintiffs shall produce documents responsive to Request for Production of Documents No. 5 with thirty (30) days of the date of this order. As previously noted, in the section of this order addressing Defendants' motion for a protective order concerning the

subpoena served on Deans, the court addressed the issue of a protective order of confidentiality to govern the use of tax returns and other sensitive financial documents in this case. The protective order that is eventually entered will also apply to documents produced by Plaintiffs in response to this document request.

* * * * *

In summary, **IT IS HEREBY ORDERED:**

1.      Defendants' motion for a protective order[5] is **DENIED**.

2.      Plaintiffs' motion to compel[6] is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

3.      Defendants' motion to compel[7] is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

**IT IS SO ORDERED**.

DATED this 16th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 52.

[6] *See* docket no. 54.

[7] *See* docket no. 56.